UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA RABALAIS KNOLL | CIVIL ACTION NO. 11-1725 |
| VERSUS | JUDGE RICHARD T. HAIK |
| BANNER LIFE INSURANCE COMPANY | MAGISTRATE JUDGE JAMES D. KIRK |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF ADRIENNE THERIOT

MAY IT PLEASE THE COURT:

Counter defendant and Counter Claimant, ADRIENNE THERIOT ("THERIOT") asserts, as set forth herein, that there are no genuine issues of material fact and that she is entitled to summary judgment in her favor summary judgment finding her to be the sole beneficiary of the life insurance proceeds deposited with the Court and against the plaintiff and counter defendant, Tina Rabalais Knoll ("KNOLL"). In support thereof, THERIOT submits the following:

I.  PROCEDURAL FACTS:

On August 31, 2011, Plaintiff, Tina Rabalais Knoll ("KNOLL") filed a Petition for Insurance Proceeds in the 12th Judicial District seeking death benefits from a life insurance policy issued to her ex husband Triston Knoll. On September 27, 2011, Banner Life Insurance Company removed this matter to the United States District Court for the Western District of Louisiana.(Docket No. 1). The case was initially assigned to the Honorable Judge Dee Drell. On September 30. 2011, Banner Life Insurance Company ("BANNER") filed an Answer and Counterclaim for Interpleader.(Docket No. 6). On October 5, 2011 Judge Drell recused himself from the case and on October 6, 2011 the

1

case was assigned to the Honorable Judge James T. Trimble.(Docket Nos. 9-10).

On October 12, 2011, BANNER deposited $604,069.47 into the registry of the Court, representing the Policy proceeds plus accrued interest. On November 17, 2011, KNOLL filed an Answer to the Complaint, Counterclaim and Interpleader asserting claim to the insurance proceeds.(Docket No. 11). On November 29, 2011, THERIOT filed an Answer to the Complaint, Counterclaim and Interpleader and filed a Counterclaim against BANNER asserting claim to the insurance proceeds.(Docket No. 12). Banner filed an Answer to this counterclaim on March 14, 2012. (Docket No. 17).

On January 9, 2012 an Order of Recusal was signed and the case was reassigned to the Honorable Richard T. Haik, Sr. (Docket Nos. 13-15). A Scheduling Order was entered on June 6, 2012 and a Rule 26(f) report was filed into the record on July 26, 2012. (Docket No. 20-22).On September 26, 2012, KNOLL filed a First Supplemental and Amending Petition for Life Insurance Proceeds. (Docket No. 25). On November 16, 2012, BANNER filed a Motion for Summary Judgment. which was set for oral arguments on January 17, 2012. (Docket Nos. 30,33)

## II.   FACTS

Banner issued to Triston K. Knoll Policy No. 17B644421 ("the Policy") with an Aggregate Face Amount of $600,000 and a Policy Date of 6/20/2003. (Exhibit "A" - Rule 26(f) Report - Document 22 - Stipulation 9(a). In the initial application for insurance, Triston Knoll named as beneficiaries Tina R. Knoll individually and on behalf of his minor daughter Andree N. Knoll for the death benefit.(Exhibit "A" - Rule 26(f) Report - Document 22 - Stipulation 9(b).The policy reserved to Triston Knoll the right to revoke at any time a previous designation of beneficiary and to make a new designation of beneficiary. (Exhibit "B" Banner 30(b)(6) deposition page 20 lines

20-25; page 21 lines 1-8). At no time prior to his death did Triston Knoll waive his right to revoke a previous designation of beneficiary and to make a new designation of beneficiary. (Exhibit "B" Banner 30(b)(6) deposition page 20 lines 20-25; page 21 lines 1-8).

On June 19, 2010 Triston Knoll forwarded to Banner his insurance premium for the policy and made the following request written request for change of beneficiary on a premium due notice: 'Please change policy to list Adrienne Theriot as beneficiary. Tina Knoll is to receive no benefits whatsoever." (Exhibit "A" - Rule 26(f) Report - Document 22 - Stipulation 9(d); Exhibit B(3) - Exhibit 3 - B-0099 - Banner Life Insurance Company file attached to Deposition of Banner Life Insurance Company 30(b)(6) representative Jana Knowles. At the time of the request in change of beneficiaries, Triston Knoll and Tina Knoll were divorced. Triston Knoll changed the beneficiary and the control of the proceeds for his minor daughter from his ex-wife, Tina Knoll to his mother, Adrienne Theriot.

On July 13, 2010 Banner received the premium notice that Triston Knoll signed and submitted on June 19, 2010 stating 'Please change policy to list Adrienne Theriot as beneficiary. Tina Knoll is to receive no benefits whatsoever." (Exhibit "B" Banner 30(b)(6) deposition page 22 lines 6-10). Banner Life Insurance Company changed the designation of beneficiary form Tina R. Knoll to Adrienne Theriot on July 13, 2010. (Exhibit "A" Knowles deposition page 31 lines 22-25; page 32 lines 1-10). Triston Knoll died on April 11, 2012. (Exhibit B(3) - Exhibit 3 - B-0085 - Banner Life Insurance Company file attached to Deposition of Banner Life Insurance Company 30(b)(6) representative Jana Knowles.) Banner Life Insurance Company received a Proof of Death Claimant's Statement from Adrienne Ann Theriot on June 27, 2011.(Exhibit B(3) - Exhibit 3 - B-0083 - Banner Life Insurance Company file attached to Deposition of Banner Life Insurance

Company 30(b)(6) representative Jana Knowles.)

On October 12, 2011, Banner Life Insurance Company deposited the life insurance proceeds in the amount of $604,069.47 into the registry of the Court. (Exhibit "A" - Rule 26(e) Report - Document 22 - Stipulation 9(b).

## II. LAW AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

The trial judge shall grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247, 106 S. Ct. 2505, 2511 (1986); *FRCP Rule 56.* A party faced with a motion for summary judgment cannot simply rely on general denials contained in his petition or in brief, but must file countervailing affidavits or give stated reasons why he cannot present facts by affidavit in support of his opposition to the motion. He may not simply rest on his laurels. *Hardee v. Kilpatrick Life Insurance Co.*, 373 So. 2d 982 (La. App. 3rd Cir. 1979)

### B. LAW AND ARGUMENT

BANNER does not dispute that the death benefits are owed to the designated beneficiary of its insured, Triston Knoll. The 30(b)(6) representative of BANNER testified that they received the premium notice that Triston Knoll signed and submitted on June 19, 2010 stating 'Please change policy to list Adrienne Theriot as beneficiary. Tina Knoll is to receive no benefits whatsoever." (Exhibit "B" Banner 30(b)(6) deposition page 22 lines 6-10). BANNER testified that they changed the designation of beneficiary form Tina R. Knoll to Adrienne Theriot on July 13, 2010. (Exhibit "A" Knowles deposition page 31 lines 22-25; page 32 lines 1-10). BANNER further confirms that Adrienne Theriot has filed a proper Proof of Death Claimant's on June 27, 2011.(Exhibit B(3) -

Exhibit 3 - B-0083 - Banner Life Insurance Company file attached to Deposition of Banner Life Insurance Company 30(b)(6) representative Jana Knowles.). The material facts are undisputed and pursuant to the terms of the policy, THERIOT is the named beneficiary and is entitled to the death benefits that are being held within the registry of the Court.

The question before the Court is whether THERIOT is entitled to the death benefits by law. An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. If the words of the policy are clear and unambiguous, the agreement must be enforced as written. *Brown v. Manhattan Life Insurance Company*, 791 So.2d 74 (La. 2001). As written, THERIOT is the named and proper beneficiary and entitled to the death benefits.

*Philadelphia Life Insurance Company v. Whitman*, 484 So.2d 266, 268 (La. 3rd Cir. Appeal) involved similar circumstances and states:

"Where a policy of life insurance reserves to the insured the right to revoke at any time a previous designation of beneficiary and to make a new designation of beneficiary, the beneficiary acquires no vested interest in the policy or its proceeds during the lifetime of the insured. Further, it is settled that substantial compliance by an insured with policy provisions for a change of beneficiary will be given effect where the intention of the insured to make a change is manifest and the change of beneficiary is not contrary to law and does not affect vested rights.(citing *Smith v. American National Insurance Company*, 25 So.2d 352 (La. App. 2d Cir. 1946) and cases therein cited.

All of the terms of the contract for ADRIENNE THERIOT to receive death benefits as the named beneficiary have been met. This fact is undisputed by BANNER. The policy reserved to

Triston Knoll the right to revoke at any time a previous designation of beneficiary and to make a new designation of beneficiary. (Exhibit "B"30(B)(6) deposition page 20 lines 20-25; page 21 lines 1-8). At no time prior to his death did Triston Knoll waive his right to revoke a previous designation of beneficiary and to make a new designation of beneficiary. (Exhibit "B" Banner 30(b)(6) deposition page 20 lines 20-25; page 21 lines 1-8).

In summary, all of the terms of the contract for ADRIENNE THERIOT to receive death benefits as the named beneficiary have been met. BANNER acknowledges and admits this fact. Triston Knoll manifested his intent to change his beneficiary from his **EX-WIFE** to his biological mother, ADRIENNE THERIOT as evidenced by the record. The change in beneficiary from his Ex-wife, KNOLL, to his biological mother is not contrary to law. Pursuant to the provisions of the contract and the applicable law, ADRIENNE THERIOT, the decedent's biological mother, is the proper and sole beneficiary.

### III. CONCLUSION

Pursuant to the terms and provisions of the policy, the applicable law and foremost, to honor the intent of the decedent, Triston Knoll, the mover, Adrienne Theriot, respectfully prays that summary judgment be granted in her favor and that she be designated as sole beneficiary and paid the life insurance proceeds.

Respectfully submitted:

DUCK LAW FIRM, L.L.C.

*[signature]*

Kevin R. Duck (23043)
5040 Ambassador Caffery Parkway, Ste. 200
Lafayette, La 70508
Tele: 337-406-1144
Lead Attorney for Adrienne Theriot

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have electronically filed the foregoing pleading with the Court, using the ECF/CM system which will send a copy electronically to counsel of record and that the pleading has been duly served upon the following counsel of record in this matter on this 28TH day of November, 2012.

    Robert Allen Johnson (26942)
    P.O. Box 468
    Marksville, La 71351
    Tele: (318) 253-0935
    Fax: (318) 240-9796
    Attorney for Tina Rabalais Knoll, individually
    and as Natural Tutrix of her minor child, Andree N. Knoll

    Virginia N. Roddy, T.A. (11367)
    Jennifer M. Lawrence (23829)
    201 St. Charles Avenue, Ste. 4400
    New Orleans, La 70170
    Tele: (504) 529-3600
    Fax: (504) 529-7163
    Attorney for Banner Life Insurance Company

    __x__    via fax    _____  via U.S. Mail

    _____  via hand delivery  _____  via certified mail

    _____
    KEVIN R DUCK (23043)