

WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

MAY 2 3 2013

TONY R MOORE, CLERK
BY _____ DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Knoll, et al** | **Civil Action No. 1:11cv01725** |
| **Versus** | **Judge Richard T. Haik, Sr.** |
| **Banner Life Ins. Co.** | **Magistrate Judge C. Michael Hill** |

### ORDER

Before the Court is an unopposed[1] Motion For Suspensive Appeal [Rec. Doc. 98] filed by Defendant in Interpleader, Adrienne Theriot, requesting that the Court suspend the Judgment entered on April 4, 2013, until the Fifth Circuit considers Theriot's appeal of the Court's ruling. Theriot further requests that any requirement to post a supersedeas bond be waived as the judgment awarded has been placed into the registry of the Court.[2]

Under Fed.R.Civ.P. 62(d), an appellant is entitled by right to a stay of judgment pending appeal if the appellant gives a supersedeas bond. "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution....[T]he stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C.Cir.1980). In circumstances where posting adequate security is practicable and where there is a reasonable

---

[1] Under Local Rule 7.5W, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion. Any opposition to Theriot's motion was due by May 20, 2013.

[2] The record provides that Theriot initially filed a Motion to Stay Pending Review By the Appellate Court on April 4, 2013 before the Court's Judgment in this action was entered into the record. *R. 86.* Upon the Clerk of Court filing the Judgment into the record, *R. 88*, the case was designated as closed and the Motion was inadvertently terminated. Upon movant contacting the Court as to the status of the Motion, the Court advised movant to refile the Motion as it was not a pending motion.

likelihood that the judgment debtor will be unable or unwilling to satisfy the full judgment upon ultimate disposition of the case, a supersedeas bond for the full amount of judgment should be required. *Id.* However, where unusual circumstances exist, the district court may exercise discretion to order a partially secured or unsecured stay of judgment. *Id.* at 760-61. Under Local Rule 62.2, the supersedeas bond must be "in the amount of the judgment plus 20% of the amount to cover interest, costs and any damages award, unless the court directs otherwise."

This case presents an unusual circumstance. Theriot, the appellant, is not a traditional judgment debtor because the damages at issue are being held as interpleaded funds in the Registry of the Court. No extra protection will be afforded the appellee, Knoll, by Theriot posting a supersedeas bond in the amount of the interpleaded funds. Thus, the Court will require Theriot to post a supersedeas bond in the amount of the post-judgment interest on the judgment amount of $612,778.76, at the rate provided for by Title 28, United States Code, Section 1961, for one and one/half years.

Regardless of the foregoing, the Court must consider the following factors in deciding whether to issue a stay: "(1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009). As the movant for a stay pending appeal, Theriot carries the burden to satisfy the four factors, *see Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir.1982), and it is not entitled to the stay as a matter of right. *See Nken*, 556 U.S.

at 433.

In assessing this standard, "the movant need not always show a 'probability' of success on the merits." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir.1981) (citation omitted). "[I]nstead, [movant] need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* As this case involves a money judgment for the proceeds of a life insurance policy, granting a stay pending appeal will result in maintaining status quo while the merits are being decided on appeal. An order maintaining the status quo is appropriate when little if any harm will befall other interested persons or the public. *See, Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977). Accordingly,

**IT IS ORDERED** that the Motion For Suspensive Appeal and for Expedited Consideraitn [Rec. Doc. 98] filed by Defendant Adrienne Theriot is **GRANTED**, conditioned upon a supersedeas bond, as explained below, being filed with the Clerk of Court.

**IT IS FURTHER ORDERED** that Theriot is to post a supersedeas bond in the amount of the post-judgment interest on the judgment amount of $612,778.76, at the rate provided for by Title 28, United States Code, Section 1961, for one and one/half years with the Clerk of this Court.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 21st day of May, 2013.


RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE