U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

FEB 13 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

Knoll, et al.                                       Civil Action No. 1:11cv01725

Versus                                              Judge Richard T. Haik, Sr.

Banner Life Ins. Co.                                Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Motion To Exercise Supplemental Jurisdiction To Resolve Fee Dispute Between Plaintiffs And Their Former Attorney And To Compel The Former Attorney To Immediately Pay To Plaintiffs The Undisputed Portion Of The Insurance Proceeds Withdrawn From This Court And Presently Held In Trust And For *Ex Parte* Order filed by Tina Rabalias Knoll, Individually and as Natural Tutrix of the Minor, Andree N. Knoll. [Rec. Doc. 116]. This action was tried before the Court on March 20, 2013 and March 27, 2013. On April 4, 2013, the Court entered Judgment in favor of plaintiffs in the amount of $612,778.76, including interest, which was affirmed by the United States Court Of Appeals For The Fifth Circuit on November 15, 2013. *R. 88*. The Judgment is now final.

Plaintiffs move the Court to grant their motion to resolve an attorney fee dispute with their former attorney. Plaintiffs contend the Court should exercise its supplemental jurisdiction in resolving the motion. The Court's original jurisdiction over the claims which plaintiffs previously tried, however, may not serve as an anchor claim for exercising jurisdiction over plaintiffs' state-law contract claims. Once plaintiffs' claims were extinguished, their ability to serve as anchor claims for purposes of supplemental jurisdiction ceased. *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir.

2014). "As the Supreme Court has explained, dismissal of a suit with original jurisdiction halts the ability of the court to assert jurisdiction over related claims:

> In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit. ... [O]nce judgment [i]s entered in the original [ ] suit, the ability to resolve simultaneously factually intertwined issues vanishe[s].

*Peacock v. Thomas*, 516 U.S. 349, 354 (1996)." *Id.* Thus, the now-dismissed claims in this action, regardless of how factually intertwined, may not serve as an anchor claim to establish jurisdiction over plaintiffs' "entirely new and original suit." *Id.*

Accordingly,

**IT IS ORDERED** that plaintiffs' Motion [Rec. Doc. 116] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 12th day of February, 2014.

_____
RICHARD T. HAIK, SR
UNITED STATES DISTRICT JUDGE